**Wade E. THOMPSON, Petitioner,**

v.

**W. D. BLANKENSHIP, Superintendent, Field Unit No. 7, Respondent.**

**Civ. A. No. 71-C-22-H.**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Jan. 7, 1972.

**1270**

Phillip Stone, Wharton, Aldhizer & Weaver, Harrisonburg, Va., for petitioner.

William P. Robinson, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, District Judge.

■ Wade E. Thompson, a Virginia state prisoner, brings this action against prison officials alleging that their treatment of him violated his constitutional rights as guaranteed by the First, Eighth and Fourteenth Amendments. The complaint was originally filed as a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Virginia and was subsequently transferred to this court. Since Thompson does not challenge the legality of his detention in the prison system, respondent has at all times handled this complaint as an "extraordinary prisoner suit" under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3). Edwards v. Schmidt, 321 F.Supp. 68, 70 (W.D.Wis. 1971). The court finds that such consideration is proper. See e. g. McDonough v. Director of Patuxent, 429 F.2d 1189 (4th Cir. 1970).

■ The following material facts appear from the record. On February 26, 1970, at Correctional Field Unit No. 7, Thompson and several other prisoners, refused to work when the temperature fell to eleven degrees. For his refusal Thompson apparently was ordered into isolation where he spent two weeks in a one-man cell with three other men. During this period he alleges that his request for a Bible was denied by prison officials, although respondent denies that the request was ever made. Upon his release Thompson learned that he had forfeited sixty days' good conduct time as further punishment for his actions. He alleges that requiring him to work in these extreme conditions and placing him in crowded isolation constituted cruel and unusual punishment; that the refusal to furnish him with a Bible during isolation interfered with the free exercise of his religion; and that the "good time" was taken from him without due process of law.

For several reasons the court finds it unnecessary to consider the specific allegations raised in the complaint. First,

damages are not at issue in this proceeding. Second, even if we were to hold that the work conditions and the isolation did exceed the proper bounds of prison administration, there are no present or continuing acts by respondent upon which injunctive relief may operate. Third, and most important, respondent has restored to Thompson all of the sixty days' good conduct time in compliance with Landman v. Royster, 333 F. Supp. 621 (E.D.Va.1971). The *Landman* case was a class action in which petitioner was a member plaintiff, and his claims have been determined in that action—hence the complaint is moot.

Accordingly, it is ordered and adjudged that the complaint be dismissed.